IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**ASA JEFFERSON MAYO, JR., AS NEXT
FRIEND OF MARGUERITE MAYO**                          **PLAINTIFF**

**VERSUS.**                    **CIVIL ACTION NO. 2:10-cv-195KS-MTP**

**BANKERS LIFE AND CASUALTY COMPANY,
A SUBSIDIARY OF CNO FINANCIAL GROUP,
CONSECO INSURANCE COMPANY, NATHAN D. COX,
AGENT AND JOHN DOE DEFENDANTS 1 THROUGH 5**            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion to Dismiss **[#6]** filed on behalf of the defendant, Conseco Insurance Company ("Conseco"). The court, having reviewed the motion and supporting brief, the pleadings and exhibits on file and being advised that the plaintiff has failed to file a response finds that the motion is well taken and should be granted. The court specifically finds as follows:

## FACTUAL BACKGROUND

Plaintiff filed this action on July 12, 2010, in the Circuit Court of Lamar County, Mississippi, against Banker's Life and Casualty Company("BLCC"), Conseco, and Nathan D. Cox, a former agent of BLCC. On August 12, 2010, BLCC and Conseco Insurance removed the case to this court. The Complaint alleges that Marguerite Mayo purchased a long-term care insurance policy (policy number 990.152.378, "the Policy")

from BLCC on July 10, 1999.  Plaintiff does not allege that Conseco Insurance is a party to the Policy.  Further, the Policy itself clearly states that the insurer is BLCC.

Plaintiff alleges that Marguerite Mayo applied for benefits under the Policy, but that "Defendants [BLCC] and Conseco Health Insurance Company have continued to delay processing of Plaintiff's claims and are now denying Plaintiff's application for benefits under her policy in bad faith."  Plaintiff asserts claims of breach of contract (Count I), bad faith and breach of fiduciary duty (Count II), and fraudulent business practices (Count III) based on BLCC's denial of her claim for benefits.

Throughout the body of the Complaint, Plaintiff alleges that "Conseco Health Insurance Company"[1] has breached the Policy and the alleged duties that arise out of the Policy.  "Conseco Insurance Company", the party named in Complaint's caption, served with process in this case, and identified as a party in the Complaint's jurisdictional allegations, is not mentioned once in the Complaint's substantive allegations.

## STANDARD OF REVIEW

Conseco has moved for dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure.  In ruling on a 12(b)(6) motion, the Court may not go outside the pleadings, specifically the complaint in this case.  "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint."  5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).

---

[1] Conseco Health Insurance Company, like Conseco Insurance Company, is not a party to the Policy. The only parties to the Policy are BLCC and Marguerite Mayo.

As the Fifth Circuit has stated, "We may not go outside the pleadings.  We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff.  We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"[2] *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations omitted).  See also,  *Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).

Since the 12(b)(6) motion may only test the allegations of the complaint, "a post-answer Rule 12(b)(6) motion is untimely and some other vehicle, such as a motion for judgment on the pleadings or for summary judgment must be used to challenge the failure to state a claim for relief."  5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1357 at 300 (1990).  However, such a result is only technically correct since subject matter jurisdiction may be raised at any time, either by the court *sua sponte* or by a motion to dismiss.  *See Burks v. Texas Co.*, 211 F.2d 443 (5th Cir. 1954).   Therefore, any motion which challenges the subject matter jurisdiction of the Court would be proper at any time, even up until trial.  Rule 12(h)(3), Fed.R.Civ.P.  Therefore, while technically a 12(c) motion may be made at any time, even after a responsive pleading is filed, the Court still may not consider anything but the well-pleaded allegations of the complaint in ruling on it.  If any matters outside the complaint are considered, the motion is converted to one for summary judgment.

A complaint must be dismissed under Rule 12(b)( 6) unless it contains sufficient facts to "raise a right to relief above the speculative level."  *Bell Atlantic Corp. v.*

---

[2] Even where the Plaintiff fails to respond to the motion, as here, the Court is required to view the facts in the light most favorable to him.

*Twombly*, 550 US. 544, 555, 127 S. Ct. 1955, 1965 (2007).³  A complaint does not pass muster if it contains no more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Id.*, 550 US. at 555-56, 127 S. Ct. at 1965.  As the Supreme Court recently held, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[ n] - that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*, _ US. _, 129 S. Ct. 1937, 1950 (2009) (internal quotations omitted).

## ANALYSIS

Conseco asserts that all claims against it must be dismissed because Plaintiff has failed to allege any specific acts of wrongdoing by Conseco Insurance.  Except for listing Conseco Insurance as a defendant in the caption and in the jurisdictional allegations, Plaintiff fails to allege anything about Conseco Insurance anywhere in the Complaint.  While the Complaint contains allegations against Conseco Health Insurance Company, a separate legal entity not named as a defendant in the Complaint, there are no allegations regarding Conseco Insurance.

It is black-letter law that "[w]here a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent to the defendant except for his name appearing the caption, the complaint is properly dismissed, even under [a] liberal [pleading] construction . . . ."  *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)*; see*

---

³ Federal law, and not state law, provides the standard for the specificity of a pleading. *Trotter v. Eli Lilly*, 2006 US. Dist. LEXIS 53902, *2-3 (S.D. Miss. Aug. 2, 2006) (quoting *Hanna v. Plumer*, 380 US. 460, 85 S. Ct. 1136 (1965)).

*also Krych v. Metzen*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (plaintiff "failed to state any claim whatsoever against [defendants] because he merely listed these individuals as defendants in his complaint"); *McLamb v. United States*, No. 93-0377-S-EJL, 1994 U.S. Dist. LEXIS 15151, *18 (D. Idaho 1994) (dismissing all claims against defendant where "[p]laintiffs have only listed [defendant] in the caption of their complaint, [and] there is no allegation or claim made specifically against the Defendant in the body of the complaint"); *Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968) (granting motion to dismiss where plaintiff only named defendant in the caption).

The court therefore finds that because the Complaint contains no substantive allegations regarding Conseco Insurance, Plaintiff has failed to state a claim against Conseco Insurance upon which relief may be granted. Further, even if every reference to "Conseco Health Insurance Company" in the Complaint is read as an allegation against "Conseco Insurance Company", the Complaint still fails to state a claim against Conseco Insurance because all of Plaintiff's claims arise out of BLCC's alleged denial of benefits under the Policy.

The Complaint does not allege that Conseco Insurance is a party to the Policy. Indeed, it is apparent from the face of the Policy that the only parties to the Policy are BLCC and Marguerite Mayo. Plaintiff does not allege any other legal basis for the claims against Conseco Insurance. Because Conseco Insurance is not a party to the Policy, Plaintiff cannot state a *prima facie* claim of breach of contract or bad faith breach of contract against Conseco Insurance. *See Guinn v. Wilkerson*, 963 So. 2d 555, 558 (Miss. App. 2006) ("The elements of breach of contract are: (1) the existence of a valid and binding contract; (2) breach of the contract by the defendant; and (3) money damages suffered by the plaintiff."). Therefore, Counts I and II of the Complaint must

be dismissed against Conseco Insurance for failure to state a claim.

Count III of the Complaint alleges that Nathan Cox, the BLCC agent who sold Plaintiff the Policy, misrepresented the terms or performance of the Policy. The Complaint states that "[t]he agent, acting as a representative of Defendant Bankers Life and Casualty Company and Conseco Health Insurance Company informed Plaintiff that she would be receiving a quality long term care product that would assist her in her time of need."

The allegations of Count III of the Complaint arise solely out of the sale of the BLCC Policy. As the court has already found, Conseco Insurance is not a party to the Policy, and Plaintiff alleges no basis for claiming that Conseco Insurance was involved in any manner in the sale of the Policy to Plaintiff. Thus, Plaintiff has no plausible basis for asserting that Conseco Insurance engaged in fraud in the sale of the BLCC Policy. *See Twombly*, 127 S. Ct. 1964-69. Therefore, Count III of the Complaint fails to state a claim against Conseco Insurance upon which relief may be granted.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Motion to Dismiss **[#6]** filed on behalf of the defendant, Conseco Insurance Company is granted and the Complaint is dismissed without prejudice as to Conseco Insurance Company. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 27th day of October, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE